**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NEMATULLAH QASEMI** | § | |
| | § | |
| **Petitoner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-00334-O** |
| | § | |
| **ROBERT CERNA** | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

Before the Court is Petitioner Nematullah Qasemi's Amended Petition for Writ of Habeas Corpus (ECF No. 9), Respondent's Response (ECF No. 12), and Petitioner's Reply (ECF No. 13). Having considered the Petition, briefing, and the applicable law, the Court finds that the Petition should be, and hereby is, **DENIED**.

## I. BACKGROUND[1]

Petitioner is a native and citizen of Afghanistan. He illegally entered the United States at the United States-Mexico border on October 19, 2023, but was apprehended and ultimately released on his own recognizance and issued a Notice to Appear ("NTA"). On or about May 23, 2025, Petitioner was apprehended by U.S. Immigration and Customs Enforcement ("ICE") at his removal hearing and has been held at Prairieland Detention Center since then. Petitioner timely appealed the decision from that hearing, and the appeal is still pending as of Petitioner's last notice to this Court. Petitioner filed an amended petition for writ of habeas corpus on May 12, 2026, seeking relief under the Due Process clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").

[1] The Court's recitation of the facts is taken from the Amended Petition, ECF No. 9.

## II. LAW AND ANALYSIS

### A. Petitioner's Due Process Claim

In Count One, Petitioner asserts that his Fifth Amendment Due Process rights are being violated by his continued detention and that the three-factor test laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) requires his release.[2] But the Supreme Court has explained that "we have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (citing *Demore v. Kim*, 538 U.S. 510, 523, 526–29 (2003); *Dusenbery v. United States*, 534 U.S. 161, 168 (2002)). Thus, the Court does not apply the *Mathews* factors here.[3]

Furthermore, Petitioner's Constitutional-based claims lack merit. Petitioner argues that his continued detention is unconstitutional under the Due Process Clause of the Fifth Amendment. "[T]he Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings." *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 697 (N.D. Tex. 2025) (discussing *Demore v. Kim*, 538 U.S. 510 (2002)). Accordingly, substantive due process is

[2] Am. Pet. ¶¶ 44–47, ECF No. 9.

[3] The three *Mathews* factors are (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Even applying the *Mathews* factors Petitioner's habeas claim would not succeed. While Petitioner no doubt has a personal liberty interest, this interest is substantially diminished given that he is in the United States illegally. His personal liberty interest is also overshadowed by the Government's interest in "control over matters of immigration [which] is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Likewise, the risk of erroneous deprivation of rights is negligible. *See Rodriguez*, 53 F.4th at 1208 (finding that the *Matthews* factors weighed against release from detention because of sufficient procedural safeguards and the government's strong interest in immigration enforcement).

not offended by an alien's detention pending removal proceedings. *Id.* "[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Demore*, 538 U.S. at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. "Against that backdrop, the notion that substantive due process requires a bond hearing is untenable." *Zuniga*, 814 F. Supp. at 697.

Here, Petitioner's pending appeal is part of his removal proceedings. *See* 8 U.S.C. § 1231. At this stage, because Petitioner is being detained related to his removal proceedings, the Government may constitutionally detain him during the limited period of time necessary to resolve those proceedings. *Demore*, 538 U.S. at 528. Accordingly, Petitioner's Due Process claim fails.

### B. Petitioner's Statutory Claim

In Counts Two and Three, petitioner brings a statutory claims under the INA and the APA.[4] Under the INA, he argues that his ongoing detention, without the opportunity for a bond hearing, violates his statutory right to a hearing.[5] Under the APA, he argues that Defendants arbitrarily and capriciously applied 8 U.S.C. § 1225(b)(2) to him.[6] Both arguments fail. The Fifth Circuit foreclosed any statutory relief in *Buenrostro-Martinez v. Bondi*, holding that 8 U.S.C. § 1225's provision for mandatory detention pending removal proceedings applies to aliens who are present

---

[4] Am. Pet. at ¶¶ 44–47, 57–63, ECF No. 9.
[5] *Id*. at ¶¶ 44–47.
[6] *Id*. at ¶¶ 57-63.

in the country without lawful admission. 166 F.4th 494, 498, 501–08 (5th Cir. 2026). Therefore, Petitioner's claims under the INA and the APA are foreclosed.

## III. CONCLUSION

For the reasons stated above, Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 9) is **DENIED**.

**SO ORDERED** on this **30th day** of **September, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE